Jennifer Schwartz (SBN 135932)
LAW OFFICES OF JENNIFER SCHWARTZ
1299 Fourth Street, Suite 307
San Rafael, CA 94901
Telephone: (415) 460-2888
Facsimile: (415) 460-2730
Email: jenniferschwartz@sbcglobal.net

Attorneys for Plaintiff
ANNE ALBRECHT


Mary E. Wright (SBN 142886)
Jean Kosela (SBN 252753)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, California 94105
Email: Mary.Wright@ogletreedeakins.com
Telephone:  (415) 442-4810
Facsimile:  (213) 442-4870

Attorneys for Defendants
WATSON PHARMACEUTICALS and
WATSON PHARMCEUTICALS (NEW JERSEY), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE ALBRECT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WATSON PHARMACEUTICALS, a Delaware Corporation; WATSON PHARMACEUTICALS (NEW JERSEY), INC., a New Jersey Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV 10-05272 THE (MEJ)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed: September 8, 2010<br>Trial Date: July 10, 2012<br>Judge: Hon. Thelton E. Henderson |

COME NOW Plaintiff ANNE ALBRECT (hereinafter "Plaintiff" or "Albrect") and

Defendants WATSON PHARMACEUTICALS and WATSON PHARMACEUTICALS (NEW

JERSEY), INC. (hereinafter "Defendants" or "Watson") by and through their respective counsel of

record, and hereby STIPULATE and agree as follows:

1. The parties acknowledge that discovery may require disclosure of information that is private and personal or confidential and proprietary, along with other trade secret information as defined in California Civil Code Section 3426.1. As a result, the parties agree to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information. The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information falling with the scope of Paragraph (1) and designated hereunder as "CONFIDENTIAL," and shall apply to:

   (a) All such documents, including those produced by third parties, designated as "CONFIDENTIAL" in accordance with the terms of this Protective Order and the applicable legal standards;

   (b) Portions of deposition testimony and transcripts and exhibits thereto which include, refer or relate to any Confidential Information;

   (c) All information, copies, extracts and complete or partial summaries prepared or derived from Confidential Information; and

   (d) Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such Confidential Information.

3. Plaintiff and Defendants agree to be bound by the instant Stipulation as if already ordered by a court of competent jurisdiction. Plaintiff and Defendants agree that should any dispute or objection arise under the terms of the instant Stipulation, the parties shall comply with the terms of the instant Stipulation and file the same with a court of competent jurisdiction as the basis for any ruling related to discovery.

4. The designation of discovery materials as "CONFIDENTIAL" may be effected by visibly marking it "CONFIDENTIAL." To the extent that it would be impractical to

visibly mark discovery materials as "CONFIDENTIAL" (e.g. when producing materials in electronic form), discovery materials may also be designated as "CONFIDENTIAL" in contemporaneous correspondence. Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as Confidential, unless otherwise indicated by the Producing Party, but only if the entire document is produced in a bound or otherwise intact manner. The failure to designate documents as "CONFIDENTIAL" at the time of production shall not constitute a waiver of the protection of this Order and any party may, at any time up to 30 days before the actual trial date in this action, designate any documents or information produced as "CONFIDENTIAL" that have not as yet been so designated.

5. No discovery materials marked or designated as "CONFIDENTIAL" may be used by any recipient of such information or disclosed to anyone for any business, commercial or competitive purpose or for any purpose whatsoever other than the direct furtherance of the litigation of this action in accordance with the provisions of this Protective Order. No discovery materials that have been designated as "CONFIDENTIAL" may be disclosed by the recipient of such information to anyone other than those persons designated below in paragraph 6, unless and until the restrictions in this Protective Order are removed either by agreement of the parties or by order of the Court.

6. All discovery materials designated as "CONFIDENTIAL" shall be restricted to the following persons:

(a) Counsel who have appeared of record for any party in this case and have signed this Protective Order, and partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, and are engaged in assisting such counsel with respect to this litigation, along with any parties' in-house counsel;

(b) Each individual party to this litigation and the employees of the corporate parties who have direct responsibility to monitor or supervise the parties' involvement in this litigation;

(c) Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

STIPULATED PROTECTIVE ORDER
*ALBRECT V. WATSON PHARMACEUTICALS ET AL., CASE NO. CV 10-05272 TEH*

(d) Experts or any person retained or used by counsel for any party to assist counsel with respect to this litigation, who are not regular employees of such counsel;

(e) Any witness, although only to the extent relevant to his or her potential testimony in this action;

(f) Persons shown on the face of the document to have authored or received it;

(g) Any person whom the parties agree, in advance and in writing, may receive such discovery materials;

(h) Any individual who is deposed in this action or called to testify at trial; and

(i) The Court, its officers, and its employees or personnel.

The substance or content of Confidential Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraphs 6(a)-(i) above.

7. This Protective Order does not prohibit a party from disclosing its own discovery materials which have been designated "CONFIDENTIAL." Nor does this Protective Order prohibit a person from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as "CONFIDENTIAL."

8. No person authorized under paragraphs 6 (d), (e), (f) or (g) of this Protective Order to receive access to "CONFIDENTIAL" discovery materials shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as **Exhibit A** to this Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose "CONFIDENTIAL" discovery materials. Further, each recipient of "CONFIDENTIAL" discovery materials shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this litigation and solely for the purposes of this litigation.

9. Any person may designate as "ATTORNEYS' EYES ONLY" information that relates to trade secrets, highly confidential marketing research, competitive sensitive

STIPULATED PROTECTIVE ORDER
*ALBRECT V. WATSON PHARMACEUTICALS ET AL., CASE NO. CV 10-05272 TEH*

1  information including but not limited to highly confidential product or pricing information or other
2  directly-related highly confidential commercial information which is maintained by the party in a
3  confidential manner. Such information shall be disclosed only to counsel who have appeared of
4  record for any party in this case and have signed this Protective Order, and partners, shareholders,
5  associates, paralegal assistants, expert witnesses or consultants retained in connection with this
6  litigation, clerical staff and secretaries who are regularly employed by such counsel, and are
7  engaged in assisting such counsel with respect to this litigation, and any "Persons Most
8  Knowledgeable" who are deposed in connection with the above captioned matter. Such
9  information shall not be disclosed to a party or its agents, other than agents described in the
10 preceding sentence. All other terms of this Protective Order apply equally to information
11 designated as "CONFIDENTIAL" and information designated as "ATTORNEYS' EYES ONLY."

12        10.    Designation of a deposition or other pretrial testimony, or portions thereof,
13 as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be made by a statement on the
14 record by counsel for the party or other person making the claim of confidentiality at the time of
15 such testimony. The portions of depositions so designated as "CONFIDENTIAL" shall be taken
16 only in the presence of persons qualified to receive such information pursuant to the terms of this
17 Protective Order: the parties and their attorneys and staff, the court reporter, videographer, the
18 deponent, and the deponent's attorney. Failure of any other person to comply with a request to
19 leave the deposition room will constitute sufficient justification for the witness to refuse to answer
20 any question calling for disclosure of Confidential Information so long as persons are in attendance
21 who are not entitled by this Protective Order to have access to such information. The parties may,
22 but need not in order to designate material as Confidential Information, instruct the court reporter
23 to segregate such portions of the deposition in a separate transcript designated as
24 "CONFIDENTIAL." Portions of such deposition transcripts shall be clearly marked as
25 "CONFIDENTIAL" on the cover or on each page, as appropriate.

26        Alternatively, within 30 days after receipt of the deposition transcript or within 30
27 days after entry of this Order by the Court (whichever is later), counsel for any person may
28 designate, by letter to all counsel and the deposition reporter, any portion of the deposition

transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order, and a copy of the letter shall be attached by the reporter and all counsel to the cover page of all deposition transcripts. Any confidentiality under the terms of this Protective Order is waived as to any portion of the deposition transcript which is not designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within this 30-day period, unless otherwise agreed by the parties or ordered by the Court or unless designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by counsel during the deposition. This paragraph shall not be deemed or construed to authorize disclosure of any "CONFIDENTIAL"/"ATTORNEYS' EYES ONLY" discovery materials to any person to whom disclosure is otherwise prohibited under this Protective Order.

11. The Parties agree and recognize that Confidential Information or any paper containing Confidential Information cannot be filed under seal based solely upon this stipulated Protective Order. If a Party wishes to submit a document to the Court which the other Party has designated as "CONFIDENTIAL" or which contains Confidential Information and which has not been successfully challenged under Paragraph 12 below, the submitting Party shall notify the Designating Party of the exact material which the Party intends to submit to the Court at least 30 days prior to the date on which the Party intends to make the submission, so as to provide the Designating Party sufficient time to determine whether it needs to bring a motion ordering that the material be filed under seal. Any such motion must comply with the procedures set forth in Local Rule 79-5 and must also comply with Federal Rule of Civil Procedure 26(c)(1). The written application and proposed order shall be presented to the judge along with the document intended to be submitted for filing under seal. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. If only a portion of the document is sealable, then both the copy lodged with the Clerk and the judge's copy shall have the sealable portions identified by notation or highlighting of the text. The Application and Order to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed, identifying all materials being manually filed.

12. Any party receiving any discovery materials which have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may object in writing to such designation. A party shall not be obligated to challenge the propriety of another party's designation of information and failure to do so shall not preclude any subsequent challenge thereto. If such objection cannot be resolved by agreement, the objecting party may file a motion with the Court to determine the propriety of the designation. The discovery materials which are the subject of such motion shall be treated in accordance with the designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" status pending the Court's decision on the motion. In all motions to modify a designation, the party propounding the designation shall bear the burden of justifying the particular designation made.

13. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials, and shall be responsible to insure that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation and the proposed recipients of discovery materials are informed of the terms of this Protective Order and their obligations under it. If any Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately, in writing, notify the Producing Party of all pertinent facts relating to such disclosure, and without prejudice to the rights and remedies of the Producing Party, make every effort to prevent further unauthorized disclosure.

14. Neither entering into this Stipulation for Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission: (1) that any document or information designated as "CONFIDENTIAL" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL"; or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "CONFIDENTIAL."

15. Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object to such action shall be construed as a waiver of any claim

STIPULATED PROTECTIVE ORDER
*ALBRECT V. WATSON PHARMACEUTICALS ET AL., CASE NO. CV 10-05272 TEH*

or defense in this action. Moreover, the inadvertent disclosure in connection with this action of one or more documents that the Producing Party believes to contain or reflect confidential, proprietary, and/or trade secret information, shall not constitute a waiver, with respect to such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials. In the event of such an inadvertent disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials, the Producing Party at any time may provide notice to the other parties directing that all copies of such inadvertently disclosed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials be treated as such consistent with the terms of this Protective Order. A party may move, on reasonable notice, and on grounds other than the inadvertent production of such documents, for an order challenging the designation of such documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials.

16. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information. Further, this Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

17. This Protective Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Protective Order.

18. Upon final termination of this action, including any and all appeals, counsel for each party shall return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the

STIPULATED PROTECTIVE ORDER
*ALBRECT V. WATSON PHARMACEUTICALS ET AL., CASE NO. CV 10-05272 TEH*

receiving party, and shall purge all such information from all machine-readable media on which it resides. Within sixty days (60) of the conclusion of this litigation, the attorneys for the receiving party shall provide the attorneys for the producing party a certificate representing that such return or destruction was made. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information and a copy of deposition testimony taken in the action, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

19.     This Protective Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all parties hereto filed with the Court. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this litigation. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

20.     If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials, the Receiving Party shall give written notice, by overnight mail and facsimile transmission, within two business days of receipt of such subpoena, request for production, or other legal process, to the party producing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials. To the extent permitted by applicable law, the Receiving Party shall not produce any of the Producing Party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials for a period of at least fourteen days after providing the required notice to the Producing Party. If, within fourteen days of receiving such notice, the Producing Party provides written notice to the Receiving Party that it opposes production of its "CONFIDENTIAL"/"ATTORNEYS' EYES ONLY" discovery materials, the Receiving Party

shall not thereafter produce such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials except pursuant to a Court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The Producing Party shall be solely responsible to assert any objection to the requested production. The Receiving Party shall provide a copy of this Order to the Third Party requesting production of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any such order requiring production of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" discovery materials covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.

21.  This Protective Order is binding on the parties immediately upon execution, which can be executed in counterparts.

**IT IS SO STIPULATED:**

DATED: 12/14/11

JENNIFER SCHWARTZ, attorney for Plaintiff
ANNE ALBRECHT

DATED: 12-14-11

MARY E. WRIGHT, attorney for Defendants
WATSON PHARMACEUTICALS and
WATSON PHARMACEUTICALS (NEW
JERSEY), INC.

**ORDER**

IT IS SO ORDERED.

DATED: 1/9/2012

HONORABLE MARIA-ELENA JAMES
CHIEF UNITED STATES MAGISTRATE
JUDGE

STIPULATED PROTECTIVE ORDER
*ALBRECT V. WATSON PHARMACEUTICALS ET AL., CASE NO. CV 10-05272 TEH*